Filed 11/2/23  P. v. Najera CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE, | D081780 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. SCN304993) |
| JOSE RAUL NAJERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of San Diego County, Kathleen M. Lewis, Judge.  Affirmed.

Jose Raul Najera, in pro. per.; and Cindy Brines, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

A jury convicted Jose Raul Najera of second degree murder (Pen. Code,[1] § 187, subd. (a)) and a number of other felonies arising from Najera's reckless driving.  The jury found Najera acted with implied malice when his

---

[1]    Statutory references are to the Penal Code.

impaired driving caused the death of his passenger. The court sentenced Najera to an indeterminate term of 45 years to life in prison.

In 2022, Najera filed a petition for resentencing under section 1170.95 (renumbered section 1172.6). The court appointed counsel, received briefing, considered the record of conviction and held a hearing. The court concluded Najera was the sole perpetrator of the offenses and that his conduct was the cause of death. (*People v. Watson* (1981) 30 Cal.3d 290 (*Watson*).) The court found Najera was not eligible for resentencing under section 1172.6 and therefore denied the petition.

Najera filed a timely notice of appeal.

Appellate counsel has filed a brief pursuant to the procedure approved by the court in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), indicating counsel has not been able to identify any potentially meritorious issues for reversal on appeal. Counsel asks the court to exercise its discretion to independently review the record for error in the same manner as we would do under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). We offered Najera the opportunity to file his own brief on appeal. Najera has responded with a lengthy submission that does not address any issues regarding the trial court's decision to deny the petition for resentencing.

In his submission, Najera claims the prosecution failed to disclose exculpatory evidence at his trial. He makes numerous requests for this court to order a wide range of discovery relating to the manner in which the case was originally prosecuted. The validity of the original trial process is not before us on an appeal from a postjudgment order denying a statutory request for resentencing. Najera will have to seek other remedies if he wishes to pursue further challenges to the now final judgment.

## DISCUSSION

As we have noted, counsel has asked the court to independently review the record for error. To assist the court in its review, and in compliance with *Anders v. California* (1967) 386 U.S. 738 (*Anders*), counsel has identified a potential issue that was considered in evaluating the possible merits of this appeal: Whether a defendant convicted of murder under the reasoning of *Watson* qualifies for relief under section 1172.6 where malice has been imputed based on a non-homicide offense.

We have independently reviewed the record for error consistent with *Wende* and *Anders*. We have not discovered any potentially meritorious issues for reversal on appeal. Competent counsel has represented Najera on this appeal.

## DISPOSITION

The order denying Najera's petition for resentencing under section 1172.6 is affirmed.

HUFFMAN, Acting P. J.

WE CONCUR:


KELETY, J.


RUBIN, J.

3